CÁNDIDO MARRERO, JOSÉ MIRANDA, JUAN PEDRO MARRERO y PABLO POMALES, peticionarios, *v.* DOMINGO SEPÚLVEDA y ROBERTO H. TODD, JR., JUECES DE LA CORTE DE DISTRITO DE PONCE, demandados.

No. 773.—*Sometido:* Junio 22, 1931. *Resuelto:* Junio 27, 1931.

*Agustín E. Font,* abogado de los peticionarios; *R. A. Gómez,* abogado de *El Pueblo,* por los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Cinco personas fueron detenidas en la investigación de

un delito de asesinato y a nombre de ellas interpuso el abogado don Agustín E. Font recurso de *habeas corpus* ante la Corte de Distrito de Ponce, cuyo fallo apeló para ante este Tribunal Supremo. Mientras esa apelación estaba pendiente fué presentada acusación en la Corte de Distrito de Ponce contra esas cinco personas por delito de asesinato sin determinación de grado del delito y fué señalado día para la lectura de la acusación. También a nombre de todos los acusados compareció en la corte inferior el mismo abogado en solicitud de que dicho acto fuese pospuesto hasta que la apelación en el *habeas corpus* fuera resuelta, lo que la corte negó y la lectura de la acusación, fué hecha, concediéndoseles un término para que pudieran hacer sus alegaciones contra ella. Al vencimiento de ese término compareció el abogado Font con tres mociones, dos de ellas a nombre de los cinco acusados negando la acusación en nombre de todos y solicitando juicio separado para cada uno: en la tercera, a nombre de cuatro de los acusados, solicitó que por ser ellos pobres, según había sido reconocido por el fiscal y la corte en el procedimiento de *habeas corpus,* se nombrase abogado de oficio para cada uno de ellos, que podía ser el mismo Sr. Font por estar enterado de la causa y estar dispuesto a defenderlos como abogado de oficio. Respecto a la última moción se celebró una vista en la que el fiscal admitió que esos cuatro acusados son insolventes y en la que intentó probar, sin conseguirlo, que el quinto acusado paga la defensa de todos al abogado Sr. Font. La corte se negó a nombrarles defensor a esos cuatro acusados por entender que tienen abogado que los defienda puesto que el Sr. Font ha estado representándolos y admitió que ellos todos son insolventes para los efectos de prestar fianza pero manifestó que eso es distinto de que no puedan pagar un abogado.

Señalado día para verse el juicio de esa causa por primera vez en cuanto a uno de los cuatro acusados que pidió el nombramiento de defensor, compareció de nuevo el abogado

Sr. Font ante la corte, presidida entonces por otro juez, a nombre de los acusados para que ese señalamiento de juicio y otro para el quinto acusado fueran pospuestos y para que se nombrase abogado defensor a los cuatro que son insolventes. En la vista de esa moción expuso el abogado Sr. Font que José Calazán Marrero, que es el que hemos llamado quinto acusado, le paga sus servicios como defensor suyo, que no es abogado de los otros cuatro y que los incluyó en el *habeas corpus* para beneficiarlos con ese recurso, como lo consiguió, pues la fianza de $15,000 exigida para todos fué reducida a $5,000, y que mientras ha estado pendiente la decisión del *habeas corpus* los representó, pero insistió en que no es el abogado de ellos. La corte inferior admitió que los cuatro acusados tienen derecho al nombramiento de un defensor pero se negó a nombrárselo porque el Sr. Font es el abogado de ellos toda vez que ha venido representándolos y porque tal solicitud no fué hecha en el momento de leérseles la acusación. Contra esas dos resoluciones se interpuso el presente recurso de *certiorari*.

Dispone una ley de 1905, página 210, lo siguiente:

"Cuando se traiga al acusado ante el tribunal con el fin de instruirle proceso por un cargo que envuelva pena capital o reclusión perpetua, si resultare que no tiene abogado y que la pobreza del acusado no le permita emplear defensor, el tribunal designará uno o más letrados en ejercicio para que defiendan gratuitamente al reo, concediendo a dichos letrados un período de tiempo razonable para prepararse para el juicio. En todos los demás casos, quedará a la discreción del tribunal la designación de abogado."

Los peticionarios han sido acusados de un delito de asesinato sin determinación de grado por lo que, según el artículo 202 del Código Penal como fué enmendado en 1929, pueden ser condenados a reclusión perpetua si se probare que cometieron delito de asesinato en primer grado, o a prisión en el presidio de diez a treinta años si su delito es en segundo grado, por lo que claramente tienen derecho a

que se les nombre abogado de acuerdo con el artículo citado y con el caso de *El Pueblo* v. *Plata*, 36 D.P.R. 590.

Las manifestaciones del abogado Sr. Font en la corte inferior y · en esta corte, referentes éstas a que solicita que se nombre defensor de oficio a los cuatro acusados pobres para que no queden indefensos por falta de recursos para la citación de testigos y para la transcripción taquigráfica de la evidencia en caso de que tuvieran que apelar la sentencia, nos convencen de que aun cuando ha actuado como abogado de ellos lo fué provisionalmente, sin ser su abogado, y solamente para beneficio de los mismos mientras se les nombrase abogado por la corte.

Por lo expuesto, y toda vez que la pobreza de los acusados ha sido admitida, sin que exista prueba en contrario a ese hecho, que no ha sido fundamento para haberles negado el nombramiento de abogado y que tampoco lo es que la solicitud no se hiciera al ser llamados para leérseles la acusación, pues en el caso de *El Pueblo* v. *Plata, supra,* esa petición se hizo al comenzar el juicio y declaramos que el nombramiento de defensor debió ser hecho, se anula la resolución recurrida de 24 de julio de 1930 en cuanto niega el nombramiento de defensor de oficio para los acusados peticionarios y también la de 19 de septiembre de 1930 en cuanto al mismo extremo, debiendo devolverse los autos a la corte inferior para que nombre abogado defensor a cada uno de los cuatro peticionarios.